UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN CLIFTON,  )  <br>   Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> MAJOR CHAD BROWN, et al.,  ) <br>   Defendants  ) | No. 17-1341 |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Major Chad Brown, Kendra Wolf, Grievance Officer Simpson and Intelligence Officer Guy Pierce violated his constitutional rights at Pontiac Correctional Center. Plaintiff says on November 2, 2016, he received a disciplinary ticket and appeared before the Adjustment Committee six days later on November 8, 2016. Plaintiff submitted a written statement denying all claims.

On November 18, 2016, Plaintiff received a second disciplinary report regarding the same charges. Plaintiff appeared before the Adjustment Committee again on

1

December 7, 2016. This time Plaintiff submitted two written statements to Defendants Brown and Wolf.

On December 20, 2016, Plaintiff received the Adjustment Committee final report which noted there was a delay in the hearing while committee members waited for finalization of one of two disciplinary reports from internal affairs. (Comp., Ex. D). Plaintiff was found guilty of Gang or Unauthorized Organization Activity and Abuse of Privileges. The committee based its decision on a month's long internal affairs investigation of Plaintiff involving three confidential informants and audio surveillance. Plaintiff was found to be a high ranking member of the Gangster Disciples gang who had ordered members to assault an inmate. (Comp., Ex. D). Plaintiff received one year in segregation and lost one year of good time credits.

Plaintiff says the final report indicated Plaintiff had requested a lie detector test, but the report made no mention of Plaintiff's claim that the hearing was held in violation of Sections 504.80 and 504.90 of the Illinois Administrative Code. Plaintiff says if Defendants Brown and Wolf had considered his claim, they "would have no other option than to dismiss said disciplinary report." (Comp, p. 5). Therefore, Defendants violated his due process rights.

The relevant section of the Administrative Code states the "Adjustment Committee hearing shall be convened, but need not be concluded, within 14 days after the commission of the offense by an offender or its discovery, whenever possible, ….." 20 Il.Adm.Code 504.80. The section clearly does not require a hearing within 14 days and the Seventh Circuit has expressly held "there is no protected liberty interest in

2

having a hearing within eight days. Without a liberty interest, there can be no procedural due process violation." *Martin v. Peters*, 1995 WL 10739, at *1 (7th Cir. 1995).

In addition, Section 504.90 pertains to situations in which a Warden remands the decision of the Adjustment Committee for new hearing if the proceedings are found to be defective and therefore the section is not applicable to Plaintiff. 20 Il.Adm.Code 504.90. Plaintiff has not articulated a due process claim, nor any other constitutional violation based on the disciplinary hearing.

Plaintiff next outlines repeated problems he had filing a grievance pertaining to the disciplinary hearing. For instance, Plaintiff submitted a grievance, but received no response from Officer Simpson. Plaintiff then submitted his grievance to the Warden, but received it back directing him to forward his grievance with the grievance officer. Plaintiff resubmitted his grievance, but again did not receive a response.

Plaintiff then details several steps he took to process his grievance including sending several request slips to the grievance officer. The grievance officer ultimately claimed she had previously returned two grievances to Plaintiff because he had not signed them. Plaintiff says he never received any of his grievances back and no signature is required. Plaintiff adds Defendant Pierce was responsible for monitoring his ingoing and outgoing mail including his grievances. Therefore, Plaintiff says Defendants Simpson and Pierce "deliberately sabotaged the completion and the process of plaintiff's grievance." (Comp., p. 7).

Plaintiff has again failed to state a violation of his constitutional rights. "Prison grievance procedures are not mandated by the First Amendment and do not by their

3

very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir.1982). In addition, Plaintiff was not denied meaningful access to the Courts as he was able to file his complaint in this lawsuit.

> IT IS THEREFORE ORDERED:
>
> 1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [5, 6].
>
> 2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.
>
> 3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of November, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE